UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20913-CR-LENARD(s)(s)

UNITED STATES OF AMERICA

vs.

DIEGO FERNANDEZ QUIJANO,

    Defendant.
_____/

## UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

The United States hereby files this response to Defendant DIEGO FERNANDEZ QUIJANO's Objections to the Presentence Investigation Report.

**I.     Background**

Between approximately November 1, 2010 an continuing through on or about, July 12, 2012, DIEGO FERNANDEZ QUIJANO conspired with others, including co-defendants Thierry Vincent Esnault, Moises Morillo Martelo, Camilo Tenorio Cano, Jose Alfredo Tenorio Cano, Alonso Durango Guzman, Stephen Meadows, Elkin Vargas Gonzalez, and Claro Manuel Julio Alvarez, to knowingly and willfully conspire with others on board a vessel subject to the jurisdiction of the United States, to possess with the intent to distribute cocaine.

On behalf of co-defendant Camilo Tenorio Cano, DIEGO FERNANDEZ QUIJANO traveled aboard maritime vessels to guard the cocaine in an armed capacity, to ensure the cocaine was not stolen by other co-conspirators or rival drug traffickers. At the direction of co-defendants Camilo Tenorio Cano and Jose Alfredo Tenorio Cano, DIEGO FERNANDEZ QUIJANO was responsible for delivering money to purchase cocaine, as well as collecting bulk

1

cash shipments consisting of narcotics proceeds.

Between November 2010 and June 2012, DIEGO FERNANDEZ QUIJANO conspired with others to dispatch the following cocaine shipments to Honduras: 1) the United States flagged *Little Whale* in November 2010, containing approximately 400 kilograms of cocaine, 2) the British flagged sailing vessel *Softair* in March 2011 containing approximately 300 kilograms of cocaine, and 3) the French flagged sailing vessel *El Koral* in June 2011 containing approximately 500 kilograms of cocaine. British National and co-defendant Stephen Meadows was the captain of each of these vessels, and DIEGO FERNANDEZ QUIJANO served as a crew member.

In late 2010, while coordinating the cocaine shipment aboard the United States flagged sailing vessel, *Little Whale*, it was decided that DIEGO FERNANDEZ QUIJANO would be a load guard on board the vessel. In November 2010, the *Little Whale* successfully transported 400 kilograms of cocaine to Honduras from Colombia.

During 2011 and 2012, the Colombian National Police (CNP) intercepted telephones utilized by DIEGO FERNANDEZ QUIJANO. In June 2011, DIEGO FERNANDEZ QUIJANO was intercepted speaking with his boss, co-defendant Camilo Tenorio Cano, on several occasions. Using coded language, they discussed the shipment to be dispatched to Honduras aboard the vessel *El Koral*. This cocaine was jettisoned at sea off the coast of Honduras by the crewmembers, including the captain of the vessel, Stephen Meadows. DIEGO FERNANDEZ QUIJANO placed telephone calls from Honduras to Camilo Tenorio Cano to inform him of the loss. The receipt of this cocaine was supposed to be coordinated by Jose Alfredo Tenorio Cano.

**II.     Argument**

The defendant objects to not receiving a 2 level "safety-valve" reduction pursuant to Section 5C1.2 of the Sentencing Guidelines in the Pre-Sentence Investigation ("PSI") Report. [DE 397.] The defendant claims that his Plea Agreement contemplates the application of the "Safety Valve," and that the 2 level enhancement for possession of a firearm and the "safety valve" relief are not mutually exclusive, and as such the "safety valve" 2 level reduction should apply to him.

The defendant is correct that in his plea agreement the Government and he agree that they will jointly recommend to the Court and United States Probation Office (USPO) that the 2 level "safety valve" reduction should apply. [DE 365, ¶10.] It should be noted that in the plea agreement that both the Government and the defendant acknowledge that the recommendation is not binding on the Court or the USPO. [*Id.*] In addition, in paragraph 11 of the Plea Agreement the defendant acknowledged that "that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety." [*Id.*]  While the defendant cites to the different standards of proof for the application of the firearm enhancement, [DE 397], which is applied and not objected to in this case, and the "safety valve" application in support of the "safety valve" reduction, the Government does not believe that the case law cited, as applied to the facts of this case, supports his argument.  However, based on the plea agreement the defendant entered into with the Government, the Government argues that the Court should apply the 2 level "safety valve" reduction pursuant to Section 5C1.2 of the Sentencing Guidelines.

3

**III.    Conclusion**

Based on the foregoing, the United States respectfully requests that the Court sustain the defendant's objection to the presentence investigation report as to the application of the 2 level "safety valve" reduction pursuant to Section 5C1.2 of the Sentencing Guidelines.

                Respectfully submitted,
                WIFREDO A. FERRER
                UNITED STATES ATTORNEY

By:  */s/ Kurt K. Lunkenheimer*
      KURT K. LUNKENHEIMER
      Assistant United States Attorney
      Florida Bar No.A5501535
      U.S. Attorney's Office - SDFL
      99 N.E. 4th Street, Suite 600
      Miami, FL 33132-2111
      Telephone: (305) 961-9008
      Facsimile: (305) 536-4699
      Email: Kurt.Lunkenheimer@usdoj.gov

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on on January 5, 2015.

.

            */s/ Kurt K. Lunkenheimer*
            KURT K. LUNKENHEIMER
            Assistant United States Attorney